# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

**ROBERT C. JONES**                              **CIVIL ACTION NO. 3:10-cv-1075**

**VS.**                                          **SECTION P**

                                                 **JUDGE ROBERT G. JAMES**

**WARDEN NEWCOMER**                              **MAGISTRATE JUDGE KAREN L. HAYES**

### REPORT AND RECOMMENDATION

*Pro se* petitioner Robert C. Jones, a pre-trial detainee, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241 on June 21, 2010.  When he filed the petition he was detained at the Ouachita Corrections Center awaiting trial on traffic and drug charges pending in Louisiana's Fourth Judicial District Court; he was determined to lack the capacity to proceed, and, on November 4, 2010 he was committed to the East Louisiana State Hospital, Jackson, Louisiana and he remains detained at that facility.[1]

Petitioner seeks his immediate release from custody and the dismissal of the pending charges. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED** for failing to state a claim for which relief may be granted.

---

[1] La. C.Cr.P. art. 641 provides, "Mental incapacity to proceed exists when, as a result of mental disease or defect, a defendant presently lacks the capacity to understand the proceedings against him or to assist in his defense." La. C.Cr.P. art. 648 authorizes judicial commitment of certain individuals who lack capacity until such time as capacity to proceed is restored.

*Background*

**1. Original Petition [Doc. #1] and First Amended Petition [Doc. 5]**

On June 21, 2010, petitioner submitted a 15-page hand-written, virtually indecipherable application for *habeas corpus* claiming that he "... is being held at Ouachita Correctional Center on Dkt. No. 09-F-1309, illegally and without valid warrant of law and on an invalid sanity commission..." [Doc. #1]   He alleged that his arrest and the subsequent search and seizure of his person and automobile were unlawful and that he is being denied various Constitutional and statutory rights. He ultimately prayed that "... this court exercise its supervisory jurisdiction and remove the case from Louisiana who refuse to obey the law and grant a contradictory hearing and after hearing release the petitioner from custody."

In support of these claims for relief, he alleged that on May  9, 2009, he  was arrested and charged with various traffic violations; he was also charged with possession with intent to distribute drugs.  Petitioner contends that he was stopped and detained illegally and that the subsequent search of his vehicle and person were also unlawful. In due course, counsel was appointed to represent petitioner and on July 1, 2009, he  was arraigned and pled not guilty.

On August 19, 2009, the trial judge appointed a sanity commission and ordered the commission to report on petitioner's mental status. On October 15, 2009, petitioner appeared in Court; however, the sanity commission did not submit its report and another sanity commission was appointed. On December 16, 2009, the sanity hearing was continued. A hearing was finally convened on March 3, 2010, and it was determined that petitioner lacked the capacity to proceed to trial and therefore petitioner  was committed to a state mental hospital.

Meanwhile, on September 17, 2009, petitioner filed a *pro se* application for writ of *habeas*

*corpus* in the Fourth Judicial District Court arguing that he was entitled to the suppression of the

evidence seized at the time of his arrest.  On some unspecified date the Court denied relief having

found that the petitioner's attorney had filed motions on July 13, 2009.

On January 6, 2010, petitioner sought review in the Second Circuit Court of Appeals.  On

January 28, 2010, that court denied relief stating, "The applicant has filed for supervisory review of

the trial court's denial of a filing styled as a writ of *habeas corpus*. The substance not the caption of

the pleading controls the actual designation of the filing. No action should be taken until [there is]

a conclusive finding concerning the applicant's mental health... Therefore the writ is denied without

prejudice."

Thereafter, on March 25, 2010, petitioner applied for writs of *certiorari* and *habeas corpus*

in the Louisiana Supreme Court. The Supreme Court denied relief on June 25, 2010. *See State of*

*Louisiana ex rel. Robert C. Jones v. State of Louisiana*, 2010-0507 (La. 6/25/2010), 38 So.3d 337.

As shown above, petitioner filed the instant petition on June 21, 2010. On July 16, 2010, he

filed an amended petition on the proper form and reiterated the claims made in the original petition.

**2. *Amend Order and Responses [Docs. #10-15]***

On August 25, 2010, petitioner was directed to amend his petition to provide

> 1. A **LEGIBLE** statement of the case setting forth in concise paragraphs **EACH**
> claim petitioner relies upon for the proposition that he is in custody in violation of
> the Constitution, laws, or treaties of the United States, along with a brief statement
> of the facts supporting each claim;
>
> 2. Copies of the pleadings attacking the legality of his custody filed by petitioner (or
> on his behalf) in the Fourth Judicial District Court, the Second Circuit Court of
> Appeals, and the Louisiana Supreme Court;
>
> 3. Copies of the Judgments, Orders, and Reasons for Judgment of the Fourth Judicial
> District Court, the Second Circuit Court of Appeals, and the Louisiana Supreme

Court denying petitioner's pleadings attacking his pre-trial custody;

4. A copy of the Order or Judgment finding that petitioner lacks the capacity to proceed and ordering his commitment. [Doc. # 9]

On September 1, 2010, petitioner filed another 22 page hand-written petition which in essence recapitulated the allegations of the original hand-written complaint filed on June 21, 2010. [Doc. #10] Petitioner prayed for a hearing and his immediate release from custody.  He also submitted a copy of the offense report dated May 18, 2000, [Doc. #10, p. 23] and the Louisiana Supreme Court's June 25, 2010, judgment denying petitioner's writ application in the matter entitled *State of Louisiana ex rel. Robert C. Jones vs. State of Louisiana*, No. 2010-KH-0507. [Doc. #10, p. 24]

On September 7, 2010, petitioner filed another hand-written supplemental petition for *habeas corpus*. [Doc. #12] To this pleading, he attached various pleadings filed in the Fourth Judicial District and orders denying relief. Among other things was a *pro se* petition for *habeas corpus* filed in the Fourth Judicial District Court in July 2010  [Doc. #12, p. 15 and following] and a *pro se* Motion to Suppress and/or Quash also filed in July 2010. [*Id.*, p. 20 and following]. All of petitioner's *pro se* motions filed in the Fourth Judicial District Court were apparently dismissed without prejudice since petitioner had previously been determined incompetent.

On September 23, 2010, petitioner filed a series of court documents including the Second Circuit's judgment denying his writ application seeking review of the district court's judgment denying relief on a petition for writ *of habeas corpus*. The Second Circuit's judgment, under docket number 43,363-KH, is dated January 28, 2010, and denied relief because petitioner's sanity commission was still pending at that time. [Doc. #13, p. 1] Petitioner also included a copy of the writ

application filed in the Supreme Court seeking review of the Second Circuit's judgment. [Doc. #13-2, pp. 2 - 25]

On September 30, 2010, petitioner filed a supplemental application for writ of *habeas corpus ad testificandum* asking the court to convene an evidentiary hearing. To this motion he appended various documents related to the state proceedings. [Doc. #14] Then, on October 12, 2010, he filed an Emergency Application for Writ of *Habeas Corpus Ad Testificandum*. [Doc. #15]

### *Law and Analysis*

Petitioner is a pre-trial detainee who is challenging his custody status and an on-going criminal prosecution in Louisiana's Fourth Judicial District Court. Petitioner challenges the constitutionality of the traffic stop and subsequent search and the seizure of evidence which supports the on-going criminal prosecution, and, he also contests the findings and recommendations of the court-appointed sanity commission, the court's reliance on those findings and recommendations, and its ultimate conclusion that petitioner lacks the capacity to proceed to trial. Petitioner prays for the dismissal of the pending charges and his immediate release from custody.

The petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's

5

petition is properly considered to arise under 28 U.S.C. §2241(c)(3), allowing the writ of *habeas*

*corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s

2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

Federal courts should abstain from the exercise of *habeas* jurisdiction if the issue raised by

a pre-trial detainee in a Section 2241 *habeas* petition may be resolved either by a trial on the merits

in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225, citing *Braden v. 30th*

*Judicial Circuit Court of Kentucky,* 410 U.S. 484, at 489-92, 93 S.Ct. 1123, at 1126-28 (1973). This

form of abstention is imposed to preclude "the derailing of a pending state proceeding by an attempt

to litigate constitutional defenses prematurely in federal court." *Braden,* 410 U.S. at 493, 93 S.Ct.

at 1129; *Dickerson,* 816 F.2d at 225-226.

Petitioner's pleadings are difficult to decipher.  However, it appears that petitioner has

throughout the state and federal proceedings asserted two claims for relief – First, petitioner claims

that the traffic stop and subsequent search and seizure violated his Fourth Amendment rights and

therefore he is entitled to have the evidence suppressed and the charges quashed; and, second,

petitioner implies that his Due Process rights have been violated with regard to the sanity

commission and the Court's determination that petitioner lacks the capacity to proceed to trial.  In

any event, petitioner maintains that he is entitled to the dismissal of all pending charges and his

immediate release from custody.

"[F]ederal *habeas corpus* does not lie, absent 'special circumstances,' to adjudicate the merits

of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state

court." *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. at 489.  Furthermore, a pre-trial

detainee is not permitted to employ a *habeas* petition to derail "a pending state proceeding by

attempting to litigate constitutional defenses prematurely in federal court." *Id.* at 493. There is "an

important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the

orderly functioning of state judicial processes by litigating a speedy trial defense to a prosecution

prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial."

*Brown v. Estelle*, 530 F.2d at 1280, 1283 (5th Cir.1976).

Typically, state detainees seek one of two types of relief in the context of a pre-trial federal

*habeas corpus* action:

> [A]n attempt to dismiss an indictment or otherwise prevent a prosecution is of the
> first type, while an attempt to force the state to go to trial is of the second. While the
> former objective is normally not attainable through federal *habeas corpus*, the latter
> is, although the requirement of exhaustion of state remedies still must be met.[2]

*Id.* (emphasis added).

Put yet another way, "... a federal court may generally consider a *habeas* petition for pretrial

---

[2] The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed
pursuant to 28 U.S.C. §2254 is specifically provided for in the statute [§2254(b)(1)] as well as the jurisprudence.
*Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion
requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve
initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state
adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971);
*Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have
provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims
before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404
U.S. 270.

With regard to  *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory
requirement that the detainee exhaust state court remedies prior to asserting his  claims in federal court.  However,
the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before
seeking federal intervention.  *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,*
410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303,  n. 8 ("Although
section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state
remedies has been held a necessary prelude to its invocation.")

Based on the pleadings and exhibits thus far tendered, it appears that petitioner has, at the very least,  attempted to
litigate his *habeas corpus* claims in the Louisiana courts.  For the purposes of this Report, it will be presumed that he
has exhausted available state court remedies at this time.

relief from a state court only when the accused does not seek a dismissal of the state court charges pending against him." *Greer v. St. Tammany Parish Jail*, 693 F.Supp. 502, 508 (E.D.La.1988). If a petitioner attempts to prevent the state from prosecuting his case, then he is seeking to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes..." *Brown*, 530 F.2d at 1282-83; *Braden*, 410 U.S. at 489, and such relief is simply not available. In short, petitioner is not entitled to the relief he seeks.

Therefore,

**IT IS RECOMMENDED** that petitioner's habeas corpus petition filed pursuant to 28 U.S.C. §2241 **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, November 19, 2010.

_____

KAREN L. HAYES
U. S. MAGISTRATE JUDGE